UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KENNETH PETERS                                              CIVIL ACTION

VERSUS                                                      NUMBER: 19-2473

JEFFERSON PARISH CORRECTION CENTER                          SECTION: "J"(5)

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Kenneth Peters, against Defendant, the Jefferson Parish Correctional Center ("JPCC") and, ostensibly, an unknown number of unidentified deputies employed at that facility.[1/] (Rec. docs. 1, 5).

Plaintiff is an inmate of JPCC since his arrest on unspecified charges on January 13, 2019. (Rec. doc. 1, p. 3). Plaintiff complains that following his arrest, and while en route to the hospital and JPCC, his black Kenneth Cole prescription eyeglasses were lost despite all of his other personal property being eventually accounted for at the jail. (*Id.* at p. 4). Plaintiff asks that he be reimbursed for the price of his eyeglasses or that his eyes be examined and that he receive a set of replacement spectacles. (*Id.* at p. 5).

As noted above, Plaintiff has initiated this suit *in forma pauperis* pursuant to 28 U.S.C. §1915. (Rec. doc. 5). A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c).

---

[1/] JPCC is the only Defendant identified in the caption of Plaintiff's complaint. (Rec. doc. 1, p. 1). However, on page four Plaintiff includes the word "Deputies" in a space which asks for the job title of the named Defendant, JPCC. (*Id.* at p. 4).

Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The law is well-settled that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986). On that score, correctional facilities like JPCC are not considered "persons" within the meaning of §1983, as it is a building and not an entity or person who is capable of being sued as such. *Wetzel v. St. Tammany Parish Jail*, 610 F.Supp. 2d 545, 548 (E.D. La. 2009); *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 613 (E.D. La. 1998). In the absence of any specifically named jail personnel who allegedly violated Plaintiff's constitutional rights, there are no appropriate juridical persons before the Court against whom judgment may properly be entered. *Howard v. Gusman*, No. 11-CV-2602, 2011 WL 6130763 at *2-3 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011); *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006).

Moreover, Plaintiff's claim in the instant case can be best characterized as one for deprivation of property by a state employee. Such a deprivation, whether done negligently, *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986), or intentionally, *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3104 (1984), is not actionable under §1983 when an adequate state-law remedy exists. *See also Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Hines v. Booth*,

841 F.2d 623, 624 (5th Cir. 1988).  Louisiana law provides such a remedy.  *See* LSA-C.C. Art. 2315.  Nevertheless, considering Plaintiff's *pro se* status, and liberally construing his complaint as potentially raising a §1983 claim for needed medical care, the undersigned will, contemporaneously with the signing of this Report and Recommendation, issue a separate order directing JPCC officials to have Plaintiff examined by an appropriately-licensed eyecare provider and to receive such treatment as may reasonably be recommended by the provider.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  18th  day of             April          , 2019.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

3